**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEVENDER SINGH DAMAI, | No. 17-71730 |
| Petitioner, | Agency No. A099-769-294 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022[**]
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Petitioner Devender Singh Damai, a native and citizen of Nepal who has

resided within the United States since 2005, petitions for review of the Board of

Immigration Appeals' ("Board") decision dismissing his appeal from an

Immigration Judge's order denying his applications for asylum, withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review denials of asylum, withholding of removal, and CAT relief for substantial evidence, meaning that "[t]o reverse the [Board], we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (internal quotation marks and citation omitted). Substantial evidence supports the Board's determination that Damai's allegations of past harm do not rise to the level of persecution. *See, e.g.*, *Bondarenko v. Holder*, 733 F.3d 899, 908–10 (9th Cir. 2013); *Duran-Rodriguez v. Barr,* 918 F.3d 1025, 1028 (9th Cir. 2019) (persecution more likely to be found where threats are "repeated" and "specific").

Next, Damai bore the burden of demonstrating he had a well-founded fear of future persecution and could not avoid that persecution by relocating internally within the country of removal. 8 C.F.R. §§ 1208.13(b)(2)-(3). The record establishes that Damai and his family had relocated to Kathmandu for several months, faced no threats from Maoists, and left only because the rent was high. Substantial evidence supports the Board's determination that Damai could avoid future persecution by relocating internally within Nepal.

Because Damai has not demonstrated entitlement to asylum, his claim for

2

withholding of removal necessarily falls away. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal.") (citation omitted).

To qualify for protection under CAT, an applicant must demonstrate that it is more likely than not the applicant will be tortured by government actors, or tortured with the acquiescence of government actors, if returned to their country of origin. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Substantial evidence supports the Board's determination that Damai had not been tortured by any government actor and he had not shown that any government official would seek to torture him or "turn a blind eye" to any torture at the hands of a private actor. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citation omitted).

**PETITION DENIED**.